**Earl WINEBRENNER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–16193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1990.

Decided Jan. 23, 1991.

Daniel L. Harralson, Harralson & Dyer, Fresno, Cal., for plaintiff-appellant.

John A. Dudeck, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HUG, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Plaintiff/appellant Earl Winebrenner ("Winebrenner") filed an action against the United States and Elmer Kletke ("Kletke"), a District Director of the Internal Revenue Service ("IRS"), seeking a quiet title order and the removal of tax liens on their property pursuant to 28 U.S.C. § 2410 and 26 U.S.C. § 7426 and general damages. On July 27, 1988, the district court dismissed the wrongful levy action for failing to file

within the limitations period and the claim for general damages. On May 1, 1989, the district court granted the government's motion for summary judgment on the remaining quiet title action and dismissed the action against Kletke. Winebrenner has appealed. We affirm.

## FACTS AND PROCEEDINGS

The Internal Revenue Service made federal tax assessments against Dudley Steele ("taxpayer") in 1985 and 1986. Revenue Officer Douglas McDonald ("McDonald") believed the taxpayer owned certain real property at 1829 Val Verde Lane, Delano, California. The record owners of the property are Winebrenner and his wife, Emogene Winebrenner. In May, July, and August, 1986, the IRS recorded Nominee Notices of Federal Tax liens for the taxpayer's unpaid federal tax liabilities specifying the Delano property and naming Earl and Emogene Winebrenner as nominees of the taxpayer.

On March 12, 1987, McDonald served the taxpayer, at the Delano residence, with copies of a notice of levy and a notice of seizure. The taxpayer stated, in a declaration filed with Winebrenner's opposition to the government's summary judgment motion, that he

accumulated the grant deed and various other documents and presented them to Revenue Officer McDonald explaining that the Winebrenners were the true owners and the title holders of 1829 Val Verde Lane and had been since 1971.

On April 15, 1987, the Winebrenners were served with copies of the notice of levy and seizure. Winebrenner states on appeal that "he denied he and his wife were nominees of [the taxpayer] with respect to the property, and asserted that they were the owners of said property and had a right to its possession."

On January 24, 1988, Winebrenner filed a suit against the United States and Kletke to quiet title of the Delano property pursuant to 28 U.S.C. § 2410 and seeking to remove the lien under 26 U.S.C. § 7426. The suit also sought $20,000 in general damages. On July 27, 1988, the district court granted the government's motion to dismiss the wrongful levy action under 26 U.S.C. § 7426 and the claim for general damages. The government's motion was denied as to the quiet title action. On March 31, 1989, the government filed an amended motion to dismiss the remaining claim to quiet title or in the alternative for summary judgment. The district court granted the motion on June 1, 1989. This appeal followed.

## ANALYSIS

### I.

The district court granted the government's motion for summary judgment on the question whether the district court lacked jurisdiction over Winebrenner's quiet title action because his exclusive remedy is a wrongful levy action under section 7426 of the Internal Revenue Code ("Section 7426"). We review de novo the district court's grant of summary judgment. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

▮ Winebrenner's complaint sought an order quieting title to the Delano property pursuant to 28 U.S.C. § 2410 ("Section 2410"). This section permits the naming of the United States as a party in any civil action seeking to quiet title to, or foreclose a lien upon, "property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).[1] The government argues that in cases such as the present one when "the IRS levies upon property to satisfy unpaid tax liabilities, and a nontaxpayer claims that he has an interest in the property superior to that of the IRS," this section is subordinate to Section 7426. This section provides:

---

1. The government of the United States cannot be sued unless it has "waived sovereign immunity with respect to the claim being asserted and provided jurisdiction to hear the claim in the court in which the suit is brought." *Bank of Hemet v. United States,* 643 F.2d 661, 664 (9th Cir.1981). Section 2410, when applicable, provides such a waiver. *Id.*

If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States....

26 U.S.C. § 7426(a)(1) (1988). This statute was enacted as part of the Federal Tax Lien Act of 1966.[2] Prior to its enactment, this court permitted quiet title actions under Section 2410 by nontaxpayers complaining of improper liens by the IRS. *See Shaw v. United States*, 331 F.2d 493, 496–97 (9th Cir.1964), *United States v. Coson*, 286 F.2d 453, 457 (9th Cir.1961). The government argues that the enactment of Section 7426 precludes, in cases in which it applies, suits for quiet title under Section 2410. We agree.

This court has not directly addressed this issue.[3] Other circuits have. In *United Sand and Gravel Contr., Inc. v. United States*, 624 F.2d 733 (5th Cir.1980), the appellant had a right to certain funds held by another. The IRS levied on the funds to satisfy the tax liability of a third party. The appellant filed suit against the United States "for enforcement of assignment proceeds and for return of property wrongfully levied." *Id.* at 735. The district court dismissed the suit for failure to file within the nine month period specified in Section 6532(c). On appeal the appellant argued that Section 2410 provided an alternative means to recover the property. *Id.* at 737.

The Fifth Circuit disagreed, and reasoned, Section 2410

merely establishes an outside limit. Nothing in its language precludes Congress from enacting a shorter limitation period for certain classes of actions....

If persons who claim an interest in property seized by the United States to satisfy a third person's taxes can challenge an I.R.S. levy by a cause of action which falls within 28 U.S.C. § 2410, the intent of Congress to set a short time limit for wrongful levy actions will be completely undercut.

*Id.* at 738. The court concluded,

When someone other than the taxpayer claims an interest in property or rights to property which the United States has levied upon, his exclusive remedy against the United States is a wrongful levy action under I.R.C. § 7426.

*Id.* at 739. *United Sand and Gravel* was followed in *Texas Commerce Bank Fort–Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir.1990) ("Section 7426(a)(1) ... affords the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability."). *See also Trust Company of Columbus*, 735 F.2d 447, 448 (11th Cir.1984) ("The only remedy available to a taxpayer who possesses an interest in property upon which the government has levied is a civil suit to regain the property. 26 U.S.C. § 7426(a)(1)."); *Rosenblum v. United States*, 549 F.2d 1140, 1144–45 (8th Cir.), cert. denied, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977) (Section 7426 is the only

---

**2.** Pub.L. No. 89–719, § 110(a), 80 Stat. 1142.

**3.** The district court relied in part on our decision in *World Marketing, Ltd v. Hallam*, 608 F.2d 392 (9th Cir.1979). In *World Marketing*, a delinquent taxpayer sold a sailing vessel to World Marketing Corporation. The IRS subsequently seized the vessel and sold it to a third party who then transferred it to Hallam. World Marketing brought suit against Hallam for wrongful possession of the vessel. The district court dismissed the suit stating that an action under Section 7426 was the exclusive remedy available to World Marketing. *Id.* at 393. This court reversed stating that

Section 7426 comprehensively delineates the forms of action and relief available to a third

party *against the United States* for the wrongful levy and sale of property.... Neither the statute nor the legislative history addresses third party claims against the possessor of the disputed property.

*Id.* at 394 (emphasis in original). We held that Section 7426 did not limit a party whose property was wrongfully seized by the IRS to sue a subsequent purchaser of the property. We did not address the question presented here of whether Section 7426 precludes actions for quiet title under Section 2410 and the description of Section 7426 as "comprehensively delineat[ing] the forms of action and relief available" is dictum.

jurisdictional basis for claims that IRS wrongfully seized property); *Morris v. United States*, 652 F.Supp. 120, 122 (M.D. Fla.1986), *aff'd*, 813 F.2d 343 (11th Cir. 1987) ("Since plaintiff claims an interest in property that has been levied upon by defendants, his exclusive remedy is a wrongful levy action under 26 U.S.C. § 7426"); *Haywood v. United States*, 642 F.Supp. 188, 191 (D.Kan.1986) (Section 7426 is the "exclusive remedy where the IRS has wrongfully levied upon property"); *Expoimpe v. United States*, 609 F.Supp. 1098, 1100 (S.D.Fla.1985) ("The exclusive remedy for a third party who claims an interest in property that has been levied by the United States is an action for wrongful levy pursuant to 26 U.S.C. § 7426."); *Douglas v. United States*, 562 F.Supp. 593, 594 (S.D. Ga.1983) (same). Winebrenner can cite no case decided after the enactment of Section 7426 permitting a quiet title action by a third party seeking to remove a federal tax lien on their property.

Winebrenner concedes that if Section 7426 is his exclusive remedy against the United States then his claim for general damages and his action against District Director Kletke were properly dismissed.[4] Because we find that the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426, Winebrenner's claims for quiet title under Section 2410, his action against Kletke, and his claim for general damages are barred.

**4.** The remedies available under Section 7426 include granting an injunction prohibiting the enforcement of the government's levy, recovery of the property levied upon, a judgment for the surplus proceeds of a sale of the property by the government. 26 U.S.C. § 7426(b). General damages are not permitted under the statute.

A separate action against Kletke is also not permitted. Section 7426(d) provides:
No action may be maintained against any officer or employee of the United States ... with respect to any acts for which an action could be maintained under this section.

**5.** In cases involving personal property, courts have interpreted "the date of the levy" consistent with Sections 6502(b) and 6335(a) as the date on

## II.

Winebrenner argues that the district court erred by dismissing his cause of action under Section 7426 for failure to file his complaint within the applicable statute of limitations. A ruling on the appropriate statute of limitations is a question of law reviewed de novo. *In re Hawaii Federal Asbestos Cases*, 871 F.2d 891, 893 (9th Cir. 1989).

Section 7426(h) provides that the period of limitation for filing a cause of action under the section is governed by section 6532(c) of the Internal Revenue Code. Section 6532(c) states a general rule that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1) (1988). Section 6532 does not define "date of the levy." The regulations promulgated under that section, however, refer to Section 6502(b) for guidance. Treas.Reg. § 301.6532–3(c). Section 6502(b) provides that "[t]he date on which a levy ... is made" is the date notice of seizure under section 6335(a) is given. 26 U.S.C. § 6502(b) (1988). Section 6335(a) provides that notice of seizure "shall be given ... to the owner of the property (or, in the case of personal property, the possessor thereof).... " 26 U.S.C. § 6335(a) (1988). Upon whom service of the notice of seizure must be made in order to commence the running of the statute of limitations under Section 6532(c) thus may depend upon the type of property being seized.[5]

which the person possessing the property was notified of the seizure. *See, e.g., State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir.1988) (service of notice of levy on taxpayer's accounts receivable debtors commenced running of statute against unnotified bank with security interest in the accounts receivables); *Diekmann v. United States*, 550 F.2d 622, 624 (10th Cir.1977) (entrusted funds); *Douglas v. United States*, 562 F.Supp. 593, 596 (S.D.Ga. 1983) (savings and loan account); *Carlos v. New York State Dept. of Tax'n*, 531 F.Supp. 359, 361–62 (N.D.N.Y.1981) (cash in possession of police department); *American Honda Motor Co. v. United States*, 363 F.Supp. 988, 991–92 (E.D.Mo. 1974) (bank funds); Treas.Reg. § 301.6532–3(c) ex. 1 (tangible personal property).

No court has addressed whether service upon the owner of real property is required to commence running of the statute against the owner or whether service upon the possessor is sufficient. We need not decide that issue here, however. The present suit commenced on January 24, 1988. The taxpayer in possession of the Delano residence was served with a notice of levy and a notice of seizure on March 12, 1987. The Winebrenners, who claimed ownership to the property, were served on April 15, 1987. Regardless of which date is used to determine the date of the levy under Section 6532(c), the action was filed outside the nine month limitations period.

■■■ Section 6532(c)(2) provides an extension of the limitations period when "a request is made for the return of [the] property."[6] Winebrenner argues that the taxpayer made such a request when the taxpayer presented certain documents regarding the ownership of the property to McDonald "explaining that the Winebrenners were the true owners and title holders" of the property.[7] Winebrenner also argues that his assertion at the time he was served with the notice of levy and notice of seizure that he and his wife were the owners of the property and had a right to possession constitutes a request for the return of the property.

■■■ The regulations promulgated under section 6532 provide that "[a] request which ... is not considered adequate does not extend the 9–month period." Treas. Reg. § 301.6532–3. A request is not considered adequate unless it is in writing, addressed to the district director of the IRS, and contains certain information about the parties and property involved.

6. The period
    shall be extended for a period 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.
26 U.S.C. § 6532(c)(2) (1988).

7. The government argues that this argument was not presented to the district court. As a general rule, we will not address issues raised

Treas.Reg. § 301.6343–1(2), –1(3). The actions of the taxpayer and the Winebrenners now labeled a "request" cannot be considered a request for the return of property within the meaning of Section 6532 and the corresponding regulations even if we construe the language of the Section liberally as Winebrenner urges. Winebrenner is thus not entitled to an extension of the nine month limitations period and his claim under Section 7426 is time-barred.

## CONCLUSION

Because Winebrenner's claim that the IRS wrongfully levied upon his property to satisfy the tax liability of another, his exclusive remedy against the United States is a civil action under Section 7426 of the Internal Revenue Code. Winebrenner's and the taxpayer's assertion that the property belonged to the Winebrenners does not constitute a request for the return of the property within the meaning of 26 U.S.C. § 6532(c) and is therefore not entitled to an extension of the nine month limitations period. Because the suit was filed more than nine months after both the taxpayer in possession of the property and the Winebrenners were served with the notice of levy and notice of seizure, the lawsuit is barred by the statute of limitations.

AFFIRMED.

for the first time on appeal. *In re Wind Power Systems, Inc.,* 841 F.2d 288, 290 n. 1 (9th Cir. 1988). We may, however, exercise our discretion to address the new arguments when the issue is purely one of law and the pertinent factual record has been fully developed. *Id.* The government does not contest Winebrenner's presentation of the facts on this issue and the question—the applicability of the statute of limitations—is purely one of law. The exception therefore applies and we choose to exercise our discretion and consider the argument.