980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Audrey J. GETROST, Plaintiff-Appellant,
v.
UNITED STATES of America; Franchise Tax Board; Alpha
Investment Trust, Ltd.; Eton Trust Company, Ltd.; Richard
Hanson, Trustee; Poway Sheriff's Dept.; John Davidson,
Michael M. McNally; Randy Sherman; Nancy Schwartz;
William Thomas; Robert Getrost, Defendants-Appellees.
 No. 91-56280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Audrey Getrost appeals pro se the district court's dismissal of her action against the United States.[1] Getrost contends that the district court erred by dismissing the United States from this action because: (1) it misconstrued her suit for quiet title as one for wrongful levy; and (2) she filed her action within the applicable statute of limitations for wrongful levy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of Getrost's claim against the United States for failure to state a claim and for failure to file a complaint within the applicable statute of limitations. McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992); Winebrenner v. U.S., 924 F.2d 851, 855 (9th Cir.1991). We construe all allegations of material fact in the complaint as true and view them in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). We are bound to interpret pro se complaints liberally. McGuckin, 974 F.2d at 1055.
 
 
 4
 Although the United States may be joined as a party to an action for quiet title involving property on which it claims a lien under 28 U.S.C. § 2410, an action for wrongful levy pursuant to section 7426 is the exclusive remedy available for a third party alleging her property has been levied upon or sold by the Internal Revenue Service (IRS). Winebrenner, 924 F.2d at 855.
 
 
 5
 An action for wrongful levy must be filed within nine months from the date of the levy unless the claimant has made a request for return of the property, in which case the claimant gains an additional twelve months in which to file a complaint. See I.R.C. §§ 7426(a), 6532(c); see also Omnibus Fin. Corp. v. U.S., 566 F.2d 1097, 1102 (9th Cir.1977).
 
 
 6
 Here, Getrost alleges on appeal that the district court erred by construing her claim for quiet title as one for wrongful levy.[2] Although Getrost labeled her action as one for quiet title in the complaint heading, she alleged in the body of the complaint that Alpha Trust Company held title to property in trust, that she was the beneficiary of the trust, and that her husband, Robert Getrost, was the trust agent. She further alleged that the property, which was rightfully hers, was improperly confiscated by the IRS in order to satisfy taxes owed by Robert Getrost. Even liberally construed, then, Getrost's only remedy is for wrongful levy under section 7426 because Getrost was clearly alleging that she was a third party whose property the IRS had improperly taken. See Winebrenner, 924 F.2d at 855.
 
 
 7
 Getrost, however, failed to state a claim for relief for wrongful levy because her action was time-barred. See I.R.C. §§ 7426(a), 6532(c); see also Omnibus Fin. Corp., 566 F.2d at 1102. The alleged wrongful levy took place in December, 1988. Getrost did not file this action until June, 1990. Thus, unless Getrost could show she filed a request for the return of the property, she had to file her complaint by September, 1989 in order to satisfy the statute of limitations for wrongful levy. See I.R.C. § 7426(a). Getrost, however, submitted proof to the district court only that her husband, Robert Getrost, filed a request for the return of the property. Although Getrost alleged that her husband submitted that request on her behalf, the letter did not support that allegation. Because Getrost did not bring the action within the nine-month statute of limitations, and because she did not show that she filed a request for the return of the property, her action was barred by the statute of limitations. See I.R.C. §§ 7426(a), 6532(c).
 
 
 8
 Accordingly, we affirm the district court's dismissal of Getrost's action for failure to state a claim. Tanner, 879 F.2d at 576.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Getrost here appeals only the dismissal of the United States
 
 
 [2]
 Getrost twice amended her complaint. Nevertheless, she raises the argument that the court was misconstruing her complaint for the first time on appeal