983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith MCHENRY, Plaintiff-Appellant,
v.
Mayor Art AGNOS; Chief of Police Frank Jordan; San
Francisco Police Department; San Francisco
Superior Court, Defendants-Appellees,
 No. 92-15123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1992.
Decided Jan. 19, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keith McHenry appeals from the district court's summary judgment in his 42 U.S.C. § 1983 civil rights action against various San Francisco city officials, the San Francisco Superior Court and the San Francisco Police Department (collectively, "defendants"). McHenry is co-founder and member of Food Not Bombs ("FNB"), an organization which distributes free food to San Francisco citizens and advocates increased public assistance for the homeless and hungry of that city.
 
 
 3
 McHenry's complaint alleged that his civil rights were violated by a Superior Court injunction prohibiting his distribution of food in violation of San Francisco health and public park ordinances that regulate that activity. The City sought the injunction after repeated and unsuccessful attempts to secure McHenry's compliance with ordinances that require permits and mandate certain sanitary conditions for food distribution.
 
 
 4
 Specifically, McHenry's suit alleges that the San Francisco ordinances, which require permits for food distribution, and upon which the injunction was based in part, are unconstitutional. McHenry asserts that his distribution of food through FNB constitutes expression protected by the First Amendment to the United States Constitution, and, consequently, that the permit ordinances constitute an unconstitutional burden on that expression. McHenry also asserts for the first time on appeal that the ordinances are facially invalid.
 
 
 5
 In addition, McHenry's suit alleges that the injunction and a July 14, 1989 arrest of McHenry in connection with an FNB activity were motivated by an invidious intent by city officials to chill his free speech activities.
 
 
 6
 The district court granted summary judgment in favor of the defendants. The court held that McHenry's food distribution activity does not constitute protected expression and that even if it did, the permit ordinances would constitute reasonable time, place, and manner restrictions on such expression. The court also concluded that after two years of discovery, McHenry had not raised a genuine issue of material fact regarding his discriminatory enforcement claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I.
 
 7
 We review de novo a district court's summary judgment order. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 II.
 
 8
 McHenry claims that his food distribution activity through FNB constitutes expression that is protected by the First Amendment and that the San Francisco permit ordinances upon which the injunction was based therefore place an unconstitutional burden on First Amendment freedoms. Assuming arguendo that McHenry's food distribution constitutes protected First Amendment activity, we conclude that San Francisco's permit ordinances are reasonable time, place and manner restrictions. Accordingly, we decline to reach the question of whether McHenry's food distribution is protected expression.[1]
 
 
 9
 "Expression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions." Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293 (1984). Restrictions are "reasonable" provided that "they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Id.
 
 
 10
 The San Francisco Health Code requires food distribution entities to obtain and maintain a permit in order to operate. San Francisco, CA., Health Code § 452 (1988). The San Francisco Park Code, meanwhile, requires parties to secure a permit prior to engaging in an array of activities in San Francisco's public parks, including the distribution of food to more than 25 persons. San Francisco, CA., Park Code §§ 7.03, 7.03(k) (1987).[2]
 
 
 11
 In support of its health ordinances, San Francisco asserts that it has interests in "regulat[ing] the quality of food offered to the public and ensur[ing] the sanitation of facilities where such food service occurs." In support of its park permit ordinances, San Francisco asserts that it has interests in "preserving the beauty and conditions of scarce park property in a highly congested metropolitan area." We have no doubt that these asserted government interests are substantial.
 
 
 12
 We find, moreover, that the ordinances are content neutral. "Government regulation of expressive activity is content neutral so long as it is 'justified without reference to the content of the regulated speech.' " Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989) (quoting Clark, 468 U.S. at 293). Assuming that McHenry's distribution of food actually constitutes speech, we are satisfied that these ordinances are justified without reference to whatever message might be conveyed by the activity.
 
 
 13
 Likewise, we find that the ordinances are narrowly tailored to serve these interests. By maintaining a system of food establishment permits, the city has leverage to ensure that food preparers adhere to minimum standards of health and sanitation. By maintaining a system of special use permits for its parks, the city can prevent the abuse of park property and balance the competing uses to which citizens put them.
 
 
 14
 Finally, these ordinances do not foreclose McHenry from alternative forms of communication: feeding the homeless in public parks is not the only way of calling attention to their plight. In fact, these ordinances do not foreclose McHenry from feeding the homeless or otherwise demonstrating in public parks at all. As stated above, they merely require that he obtain the necessary permits before doing so.
 
 III.
 
 15
 McHenry claims that the San Francisco ordinances that require permits for the distribution of food are facially invalid. The defendants argue that the facial validity of the ordinances was not raised in the district court and therefore is not properly before this court.
 
 
 16
 We have reviewed those passages quoted to us by McHenry from documents filed in the district court proceeding and are not persuaded that McHenry clearly articulated in that proceeding the facial challenges that he now asserts on appeal. "As a general rule, we will not address issues raised for the first time on appeal." Winebrenner v. United States, 924 F.2d 851, 856 n. 7 (9th Cir.1991). We retain the discretion to consider such issues, but decline to do so here.
 
 IV.
 
 17
 Finally, McHenry argues that the district court erred by concluding that he had not raised a genuine issue of material fact regarding his discriminatory enforcement claims. McHenry points to an array of documentary evidence to support his argument. The defendants refute his argument and argue that most of the evidence was either not presented to or not appropriate for consideration by the district court.
 
 
 18
 We need not resolve the defendants' challenges to the evidence cited by McHenry. After carefully reviewing all of the evidence which McHenry cites to this court, we conclude that he has not established a genuine issue of material fact with respect to the defendants' intent in securing an injunction against his illegal distribution of food or in arresting him on July 14, 1989. The cited evidence supports, at most, the proposition that San Francisco city officials vigorously sought enforcement of its health and public park ordinances after knowing and repeated violations by McHenry and FNB. Even in a light most favorable to McHenry, the cited evidence does not support the proposition that the city selectively enforced its laws against McHenry because of his political views.
 
 V.
 
 19
 We conclude, therefore, that the district court properly granted summary judgment in favor of the defendants.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the same reason we decline to decide whether McHenry's food distribution is protected associational activity, an issue which appears to have been raised by McHenry for the first time on appeal
 
 
 [2]
 McHenry's appeal also refers to San Francisco Park Code sections 7.04 and 7.07(e), (f), (n). These sections, however, do not themselves impose any restrictions on the distribution of food and are therefore not relevant to this inquiry. Section 7.04 lists additional activities other than food distribution that require a permit according to other sections of the Park Code. Section 7.07 details the various grounds for which a permit may be denied. Section 7.07 may have been subject to an inquiry regarding its facial validity, but as we explain in Section III, supra, we do not reach the merits of such a challenge