15 F.3d 1086
 73 A.F.T.R.2d 94-638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William LITTLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-55738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Little appeals the district court's dismissal for lack of subject matter jurisdiction of his action against the United States for wrongful levy under 26 U.S.C. Sec. 7426. Little sued to recover two payments he made to the Internal Revenue Service ("IRS") towards tax liabilities assessed against his property. The IRS had filed liens against the property to collect the unpaid tax liabilities of one of the property's former owners. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court dismissed Little's action for lack of subject matter jurisdiction because he failed to bring the action within the nine-month statute of limitations period. See 26 U.S.C. Secs. 6532(c)(1), 7426(h). Generally, the statute of limitations is not jurisdictional. See United States v. DeTar, 832 F.2d 1110, 1114 (9th Cir.1987). Therefore, we construe the district court's judgment only as a dismissal for failure to file within the statute of limitations period. "A ruling on an appropriate statute of limitations is the question of law reviewed de novo." Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991).
 
 
 4
 The statute of limitations for filing a cause of action under section 7426(a) is governed by 26 U.S.C. Sec. 6532(c). 26 U.S.C. Sec. 7426(h). Section 6532(c) provides that no section 7426 suit "shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. Sec. 6532(c)(1). The date on which a levy is made is the date on which the notice of seizure under 26 U.S.C. Sec. 6335(a) is given. See 26 U.S.C. Sec. 6502(b); 26 C.F.R. Sec. 301.6532-3(c); Winebrenner, 924 F.2d at 855. When a person files a written request for return of property wrongfully levied on, the statute of limitations is extended an additional twelve months from the date of the filing. See 26 C.F.R. Secs. 301.6343-1(b)(2), 301.6532-2(b)(1). Where a suit is filed after the nine-month period and no timely return of property request is made, this court has held the suit is time-barred. See Winebrenner, 924 F.2d at 856.
 
 
 5
 Here, Little received notice of seizure of the property from the IRS on February 10, 1989. Nine months from this date was November 10, 1989. Little did not request return of the property until September 7, 1990, some nineteen months after notice of seizure. Moreover, he did not file his complaint in this action until September 6, 1991, two and one half years after he received notice of seizure. Thus, the district court did not err by finding that Little failed to bring his section 7426 action within the statute of limitations period. See 26 U.S.C. Secs. 6532(c)(1), 7426(h); Winebrenner, 924 F.2d at 855-56.
 
 
 6
 Little makes two arguments in dispute of the district court's findings. First, he argues that the statute of limitations did not begin to run until December 15, 1989 and January 11, 1990, the dates on which he made his two payments to the IRS to avoid a sale of the property. Second, Little argues that the government waived its right to raise a statute of limitations defense by failing to assert it as an affirmative defense in its answer and by conceding that Little's action was brought within the statute of limitations period.
 
 
 7
 Little's first argument fails because in a wrongful levy action under section 7426, the statute of limitations begins to run from the date the notice of seizure is given. See 26 U.S.C. Sec. 6502(b); 26 C.F.R. Sec. 301.6532-3(c); Winebrenner, 924 F.2d at 855. The property at issue here is the real property in which Little alleged an interest and on which the IRS issued its notice of seizure, not the payments he made to the IRS in avoidance of a tax sale.
 
 
 8
 Little's waiver argument also is without merit. Under Fed.R.Civ.P. 8(c), a defendant is required to set forth affirmative defenses, including the statute of limitations, in his initial pleading. This court has liberalized this pleading requirement, however, by holding that absent prejudice to the plaintiff, a defendant's failure to raise a statute of limitations defense in his initial pleading does not preclude him from later bringing a motion based on that defense. See Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir.1984). As long as a defendant asserts the statute of limitations as an affirmative defense before or at trial, it is not waived. See DeTar, 832 F.2d at 1114.
 
 
 9
 Here, although the government failed to assert the statute of limitations as an affirmative defense in its answer, it raised that defense in its motion to dismiss. Little has not claimed that he was prejudiced by the government's failure to raise the statute of limitations as an affirmative defense, except to the extent that he believed his action was timely. See Rivera, 726 F.2d at 566. Because the government raised the statute of limitations in its motion before a trial on the merits, we conclude that the defense was not waived, and the district court did not error by dismissing Little's action because he failed to bring it within the statutory period. See Winebrenner, 924 F.2d at 855; DeTar, 832 F.2d at 1114.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3