**Raymond ATILANO, individually and as beneficiary of the Reggie Thoras Trust, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. CV–S–97–0768–DWH (RLH).**

United States District Court,
D. Nevada.

Aug. 31, 1998.

Raymond Atilano, Las Vegas, NV, for plaintiff.

Kathryn E. Landreth, United States Attorney, Las Vegas, NV, Brian J. Feldman, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

### ORDER

HAGEN, District Judge.

Plaintiff, appearing *pro se*, brings this action to quiet title and for wrongful levy.

Before the court is the United States' motion to dismiss. # 7.

Following are the facts according to plaintiff Raymond Atilano.

Plaintiff is the beneficiary of the Reggie Thoras Trust ("Trust"), a trust created under the laws of the State of Wyoming. The Trust was created by contract and declaration on November 6, 1984. Plaintiff is the "co-owner of all 100 units" of the Trust, and, pursuant to the contract creating the Trust, is "to be construed to be the true and lawful owner of all assets held by Trust." # 1 at 2. On December 18, 1984, plaintiff transferred via quitclaim deed to the Trust his equitable interest in real property located at 4557 Kenilworth, Las Vegas, Nevada. In 1979, plaintiff had acquired legal title to the property by virtue of a quitclaim deed executed by his son, Ricardo Atilano.

On June 12, 1995, the United States filed with the County Recorder for Clark County a Notice of Federal Tax Lien against the real property. This lien was based upon the alleged federal tax liability of plaintiff's son, Ricardo. The IRS agent listed the taxpayer as "Reggie Thoras as nominee, transferee or alter ego of Ricardo Atilano."

On February 18, 1996, the United States caused to be published in the Legal Notice section of the *Las Vegas Review Journal* a "Notice of sealed Bid Sale" of the subject property. The property was sold at public auction on March 5, 1996 to an agent for defendant Landia Development, Inc.

Plaintiff brings this action both as a quiet title action under 28 U.S.C. § 2410(a)[1] and as a claim for wrongful levy under 26 U.S.C. § 7426(a)(1).[2] Plaintiff also claims 28 U.S.C.

§ 2409a applies, but that section, by its very terms, does not apply to actions that could have been brought under section 2410.

## PROCEDURAL HISTORY

In its reply (# 9), the government notes that the trustee of the Reggie Thoras trust already has brought an action for declaratory relief and to quiet title. This complaint was filed in the District Court for Clark County and was removed to federal court, where it was dismissed by Judge Pro for the trustee's failure to file an opposition to the government's motion to dismiss. # 9, exh. D. The ground for dismissal, however, was merely that the trustee, a non-attorney, could not sue *pro se* in his representative capacity.

## STANDARD

■ A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.), *cert. denied sub nom., Manhattan Beach v. Buckey,* 506 U.S. 999, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992). A court may dismiss a complaint pursuant to Rule 12(b)(6) for either of two reasons: (1) lack of a cognizable legal theory, or (2) the pleading of insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533 (9th Cir. 1984). All allegations of material fact are considered true and construed in the light most favorable to the nonmoving party. *Buckey,* 968 F.2d at 794.

---

1. Section 2410 provides:
   (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
   (1) to quiet title to,
   (2) to foreclose a mortgage or other lien upon,
   (3) to partition,
   (4) to condemn, or
   (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

2. Section 7426—Civil Actions by Persons Other than Taxpayers—provides:

   (a) Actions permitted. (1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

## ANALYSIS

### IRS as a Party

█ The government correctly argues that plaintiff cannot name the IRS as a party. The caption to the complaint names the IRS as a defendant, but the body of the complaint indicates plaintiff argues the IRS is an agency of the United States. To the extent plaintiff sues the IRS as a distinct defendant, the complaint will be dismissed. *See Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

### Action to Quiet Title

The Ninth Circuit has held that where a non-taxpayer claims an interest in property or rights to property which the United States has levied upon, the exclusive remedy against the United States is 26 U.S.C. § 7426. *Winebrenner v. U.S.,* 924 F.2d 851, 854–55 (9th Cir.1991). *Winebrenner* was upheld in *F & D v. City of Adelanto,* 87 F.3d 334, 337 (9th Cir.1996). In *F & D,* the court noted that § 7426 was enacted to create a short statute of limitations because "the government needs to know sooner rather than later whether it must look to other assets of the taxpayer to satisfy the taxpayer's liability. . . ." *Id.*

█ In the present case, the land was foreclosed upon to satisfy the tax liability of plaintiff's son, Ricardo Atilano. Plaintiff claims an interest as the beneficiary of the trust that allegedly owns the property. The matter is thus squarely within *Winebrenner;* plaintiff's sole remedy is a claim under section 7426. Plaintiff claims § 2410 still applies because "an action to quiet title is proper to show that Plaintiff owned the real property." # 8 at 4. Aside from the question of whether plaintiff or the Trust owns the property, plaintiff does not escape section 7426 because the crux of that statute is a claim to property by a non-taxpayer. *See F & D,* 87 F.3d at 337. Thus, section 7426 is plaintiff's exclusive remedy.

### Action for Wrongful Levy

Section 7426 incorporates the statute of limitations at 26 U.S.C. § 6532(c). 26 U.S.C. § 7426(h).[3] Plaintiff's administrative request under section 6532(c) was sent to the office of Chief Special Procedures on June 24, 1996, and acknowledged received on June 25, 1996. . # 8 exh.'s 2 and 3.

█ Plaintiff argues that because he filed this action on June 24, 1997, it is timely. However, the question remains as to whether plaintiff's administrative request was filed timely. The extension granted in section 6532(c)(2) specifically states "the 9–month period prescribed in paragraph (1) shall be extended. . . ." The court interprets this to mean that the request must be filed within the 9–month period. Any other interpretation would undermine the policy creating a statute of limitations because it would give a claimant an unlimited amount of time to file a request and receive a 12 month extension. *See F & D,* 87 F.3d at 337. Applying section 6352(c)(1), plaintiff should have filed the administrative request within 9 months of the date of levy upon the property.

Though neither party provides any cogent argument on the subject, the meaning of the phrase "date of levy" is left uncertain by the statute and is subject to case law for interpretation. In *Winebrenner,* the Ninth Circuit, interpreting 26 U.S.C. § 6502(b) and Treas.Reg. § 301.16532–3(c) stated that the date of levy is the date notice of seizure under § 6335(a) is given. 924 F.2d at 855. The court also found that the question of upon whom notice is to be given depends upon the type of property seized, and, though it noted the question had not been addressed previously, the court did not have before it the issue of whether notice to the owner of real property is required to commence running of the statute. *Id.* at 855–56.

---

3. Section 6532(c) provides:
   (1) Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
   (2) If a request is made for the return of property described in section 6343(b) [applicable in the present case], the 9–month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

The date of levy is difficult to determine in the present case because it is unclear who owns the property or exactly when or what type of notice was given to that owner. Plaintiff's opposition states that the initial seizure was "during 1995," and "[t]he initial alleged seizure of the property was released, but officer Singleton allegedly seized the private property again on or about January 30, 1995." # 8. Plaintiff then states that the first "recorded alleged Notice of lien" was dated June 12, 1995, and that the certificate of sale was recorded on March 6, 1996. The certificate stated that the property sale occurred the day before. # 8. Plaintiff's complaint also alleges the lien was noticed at the County Recorder's office on June 12, 1995, and the sale noticed in the *Las Vegas Review Journal* on February 18, 1996. # 1 at 3. Plaintiff's opposition appends as an exhibit a registered mail receipt, showing that the administrative request from William Petersen, Trustee of the Reggie Thoras Trust, was delivered to the IRS District Director on June 25, 1996. # 8.

Under these facts, it is impossible to tell whether the administrative request was filed timely. 26 C.F.R. § 301.6335–1 details preferred notice procedures. Written notice to the owner is preferred. Given this question's difficulty (because of the vague allegations of ownership) and importance (i.e. the administrative request was sent within 9 months of February 18, 1996 but not June 12, 1995), the court will deny without prejudice the motion to dismiss. Upon further clarification of what extent notice was provided under § 301.6335–1, the government may renew its motion. The government may also renew its motion if it discovers any new information regarding whether or when the administrative request was denied.

*Standing*

The government's reply (# 9) argues the issue of standing, which was only mentioned in a footnote in the original motion. Perhaps the importance of the issue only came to the government's attention upon review of the case dismissed by Judge Pro, which alleged that the Trust is the owner of the property. In any event, plaintiff has not been afforded the opportunity to respond on this point. The court is interested because if the Trust is the interested party, Raymond Atilano, as a beneficiary, appears to lack standing to bring this case. Accordingly, plaintiff shall have twenty (20) days from receipt of this order to brief the issue. Plaintiff's brief should clearly state who are the trustee and beneficiary(s) of the Trust, as well as identify the property held in trust. The complaint, stating plaintiff is a beneficiary and also the "lawful" owner of the trust, obscures the distinction between legal and equitable ownership. If the Trust is the interested party, plaintiff should explain why the trustee is not bringing this case. The government shall have twenty (20) days to reply. Because of the technical nature of these issues, plaintiff is strongly encouraged to retain legal counsel.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss (# 7) is GRANTED IN PART. Plaintiff's claims for quiet title under 28 U.S.C. §§ 2410 and 2409a are DISMISSED. Plaintiff's claim against the IRS, to the extent plaintiff has stated such a claim, is DISMISSED. The motion to dismiss the 26 U.S.C. § 7426 claim is DENIED without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have twenty (20) days from the receipt of this order to oppose the government's motion to dismiss on the standing issue. Plaintiff's opposition should allege the specifics of the structure of the Trust, as above detailed. The government shall reply within twenty (20) days.