64 F.3d 456
 76 A.F.T.R.2d 95-6498, 64 USLW 2145,
95-2 USTC P 50,454,
95 Cal. Daily Op. Serv. 6615,
95 Daily Journal D.A.R. 11,309
 WWSM INVESTORS, dba Advanced Plastics Engineering Co.,
Plaintiff-Counter-claimant-Defendant-Appellant,
v.
UNITED STATES of America,
Defendant-Counter-claimant-Plaintiff-Appellee.
 No. 93-17072.
 United States Court of Appeals,
Ninth Circuit.
 Submission deferred April 4, 1995.
Resubmitted May 17, 1995.
Opinion Filed May 31, 1995.
Opinion Withdrawn Aug. 22, 1995.
Decided Aug. 22, 1995.
 
 Thomas Casazza, Redwood City, CA, for plaintiff-counter-claimant-defendant-appellant.
 Teresa T. Milton, U.S. Dept. of Justice, Washington, DC, for defendant-counter-claimant-plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of California.
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 Opinion by Judge THOMPSON: Dissent by Judge BRUNETTI.
 
 ORDER
 
 2
 The government's petition for rehearing is granted. The opinion filed May 31, 1995 and published at 56 F.3d 1053 (9th Cir.1995) is withdrawn. The withdrawn opinion is replaced by a majority opinion and dissent which are filed concurrently with this order.
 
 OPINION
 THOMPSON, Circuit Judge:
 
 3
 The Internal Revenue Service (IRS) levied on WWSM's bank accounts and seized $79,004.90. WWSM did not owe the money to the IRS. A corporation named Advanced Plastics Engineering Corporation did. The money was owed for unpaid payroll taxes. WWSM had been Advanced Plastics' creditor and had seized its assets by foreclosing on a security agreement which had priority over the IRS tax claim.
 
 
 4
 The IRS refused to return the money to WWSM, so WWSM brought suit in the district court. The suit was filed under 26 U.S.C. Sec. 7426, which permits a person to sue the government to get back property on which the government has wrongfully levied. The problem, however, was that WWSM did not file its wrongful levy action within the applicable statute of limitations. As a result, the district court granted summary judgment to the IRS.
 
 
 5
 WWSM sought leave to amend its complaint to allege a claim under 28 U.S.C. Sec. 1346(a)(1). This section of the Internal Revenue Code provides:
 
 
 6
 The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.
 
 
 7
 28 U.S.C. Sec. 1346(a) (1988 & Supp. V 1993).
 
 
 8
 The district court denied WWSM's request for leave to amend. It denied that request because the court concluded, under Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991), WWSM's exclusive remedy was a claim for a wrongful levy under 26 U.S.C. Sec. 7426, and the statute of limitations barred that claim. WWSM appeals.
 
 
 9
 We affirm the district court's dismissal of the section 7426 claim, but we reverse its refusal to grant leave to amend to permit WWSM to allege a claim for refund under section 1346. To the extent Winebrenner conflicts with this holding, it has been overruled by United States v. Williams, --- U.S. ----, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).
 
 DISCUSSION
 
 10
 Generally, an action to recover for a wrongful levy under 26 U.S.C. Sec. 7426 must be filed within nine months of the challenged levy. 26 U.S.C. Sec. 6532(c)(1). However, if a valid request is made for the release of the levy, the filing period may be extended for up to twelve months from the date of the request. 26 U.S.C. Sec. 6532(c)(2). To constitute a valid request, the request must be mailed to the IRS office which imposed the levy, and it must contain particular information regarding the specifics of the claim. 26 C.F.R. Sec. 301.6343-1(b)(2).
 
 
 11
 The levies that WWSM challenges were imposed by the Sacramento office of the IRS. They were imposed between July and October 1985. WWSM's complaint was filed February 9, 1987. The complaint was time-barred, unless a valid request was submitted to the IRS and the complaint was filed within the applicable twelve-month extended period.
 
 
 12
 WWSM contends that a September 19, 1985 letter was a valid request for the release of the levy. Even if this letter were a valid request, however, WWSM's complaint was still untimely, because its complaint was not filed within twelve months of the date of the letter. See 26 U.S.C. Sec. 6532(c)(2).
 
 
 13
 Alternatively, WWSM argues that it mailed an IRS Form 843 claim for release of the levy to the IRS office in Ogden, Utah within the applicable nine-month period, and this claim constituted a valid request. This is incorrect. The IRS Form 843, even if we assume it was properly submitted to the IRS within the applicable time period, was not addressed to the district office which imposed the levies (Sacramento). See 26 C.F.R. Sec. 301.6343-1(b)(2); Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 697 (7th Cir.1994).
 
 
 14
 All other correspondence referred to by WWSM occurred after the nine-month period for filing a request had expired. This correspondence cannot form the basis of a valid request, because it was not filed within nine months of the date of the levy. 26 U.S.C. Sec. 6532(c); Williams v. United States, 947 F.2d 37, 40 (2d Cir.1991), cert. denied, 504 U.S. 942, 112 S.Ct. 2277, 119 L.Ed.2d 203 (1992); United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 739 (5th Cir.1980).
 
 
 15
 We reject WWSM's invitation to substitute substantial compliance for full compliance under the regulations. "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed." Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Because WWSM failed to comply with the terms under which the United States consented to suit under section 7426, the district court properly dismissed the section 7426 claim for lack of jurisdiction.
 
 
 16
 We next consider whether the district court erred in denying WWSM leave to amend its complaint to set forth a claim for a refund under 28 U.S.C. Sec. 1346(a)(1).
 
 
 17
 At the time the district court entered its judgment, we had not filed our decision in Williams v. United States, 24 F.3d 1143 (9th Cir.), aff'd, --- U.S. ----, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). In Williams, we held that a third party, Lori Williams, could sue the government under 28 U.S.C. Sec. 1346(a)(1) for taxes she paid to remove a lien on her property for taxes owed by her husband and which had been assessed only against him. 24 F.3d at 1144. Williams had to pay the tax to close an escrow for the sale of her residence when the purchaser threatened to sue her if the sale did not go through on schedule. Id. at 1143.
 
 
 18
 The Supreme Court has filed its decision in Williams affirming our judgment. See --- U.S. ----, 115 S.Ct. 1611 (1995). The Court held that a person who pays under compulsion the tax liability of another may claim a refund under 28 U.S.C. Sec. 1346(a)(1), and the fact that a wrongful lien compelled payment of the tax does not require, as the exclusive remedy, a lawsuit under 26 U.S.C. Sec. 7426. Id. --- U.S. at ---- - ----, 115 S.Ct. at 1617-19.
 
 
 19
 The government argues Winebrenner rather than Williams controls this case, because Williams involved a lien, not a levy, and this case and Winebrenner involve a levy. We reject this argument.
 
 
 20
 Favoring substance over form, we follow the approach the Supreme Court adopted in Williams. See --- U.S. at ----, 115 S.Ct. at 1618 (noting the Court's "preference for common sense inquiries over formalism--a preference that works against the Government's technical argument....").
 
 
 21
 Here, seizing money from WWSM's bank account is functionally equivalent to what the IRS did in Williams--placing a lien on property in escrow under circumstances which compelled Mrs. Williams to pay the IRS and discharge the lien. In both cases, the IRS extracted money by compelling one person to pay the tax of another.
 
 
 22
 Williams controls this case. WWSM has standing to challenge the IRS's seizure of its money from its bank accounts. It is not limited to a suit against the government under 26 U.S.C. Sec. 7426, but may file suit for a refund under 28 U.S.C. Sec. 1346(a)(1). Accordingly, we reverse the district court's order denying leave for WWSM to amend its complaint to set forth a claim under section 1346(a)(1), and remand this case to the district court for further proceedings consistent with this opinion.
 
 
 23
 REVERSED and REMANDED.
 
 BRUNETTI, Circuit Judge, dissenting:
 
 24
 I dissent. I believe the majority opinion misreads United States v. Williams, --- U.S. ----, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), and erroneously concludes that it conflicts with our decision in Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991).
 
 
 25
 The district court correctly denied WWSM's request for leave to amend to allege a claim for refund under 28 U.S.C. Sec. 1346, concluding that under Winebrenner, WWSM's exclusive remedy was a claim for wrongful levy under 26 U.S.C. Sec. 7426 and the statute of limitations barred that claim. Winebrenner clearly shows that the exclusive remedy for a third party who claims an interest in property wrongfully levied on by the IRS is an action under Sec. 7426. See 924 F.2d at 853-55.
 
 
 26
 In Williams, the Supreme Court recognized that Williams could not use the remedy of 26 U.S.C. Sec. 7426 because there was no levy. See --- U.S. at ----, 115 S.Ct. at 1618. Williams involved an IRS assessment for certain tax liabilities. A lien, not a levy, was placed on the property. The taxpayer paid the tax liability to remove the lien so the property could be sold and sued the IRS for a refund.
 
 
 27
 The Supreme Court recognized Williams as a refund, not a wrongful levy, case, and analyzed the non-levy remedies available: quiet title (Sec. 2410(a)(1)); separate-fund (Sec. 6325(b)(3)); and refund (Sec. 1346(a)(1)). Id. --- U.S. at ---- - ----, 115 S.Ct. at 1618-1620 (Parts IV and V of the opinion). The Supreme Court never mentioned Winebrenner or United Sand and Gravel v. United States, 624 F.2d 733 (5th Cir.1980), nor did it overrule or even hint that Sec. 7426 was not the exclusive remedy for a claimed wrongful levy. Quite the contrary, the Supreme Court analyzed the various remedies for the various situations, --- U.S. at ----, 115 S.Ct. at 1619, and did not allow that a non-levy remedy under Sec. 1346(a)(1) was available when the exclusive levy remedy under Sec. 7426 was barred by the statute of limitations.
 
 
 28
 WWSM's only remedy was under Sec. 7426 because this case, like Winebrenner, involves a wrongful levy; Williams did not. Therefore, I would affirm the district court's denial of the leave to amend.