## FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff–Appellant,

v.

## CITY OF ADELANTO; United States Internal Revenue Service, Defendants–Appellees.

### No. 95–55344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1996.

Decided June 21, 1996.

David C. Veis, Long & Levit, Los Angeles, California, for plaintiff-appellant.

Curtis C. Pett, United States Department of Justice, Tax Division, Washington, D.C., for defendant-appellee United States of America.

Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,* Senior District Judge.

RYMER, Circuit Judge:

Fidelity and Deposit Company of Maryland (F & D) claims an interest in funds held by the City of Adelanto upon which the Internal Revenue Service issued a notice of levy. A contractor for whom F & D was surety had defaulted, F & D stepped up to the plate and paid to complete the project, and it wanted reimbursement from funds held by the City otherwise due the contractor who had also failed to pay taxes. F & D sued, but not until after the nine month statute of limitations for claims against the IRS for wrongful levy under 26 U.S.C. § 7426(a)(1)[1] had run. It therefore turned

---

* Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

1. Section 7426(a)(1) provides that "[i]f a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary." 26 U.S.C. § 7426(a)(1). Section 6532(c) requires that the person file suit within nine months of the date of levy unless a request is made for the return of the property, in which case the time to sue is extended to the shorter of twelve months from the request or six months from notification of denial. 26 U.S.C. § 6532(c).

to 28 U.S.C. § 2410(a)(1),[2] alleging that the federal court had jurisdiction and the United States had waived sovereign immunity for an action to quiet title to the contractor's funds held by the City.

The problem is that we held in *Winebrenner v. United States*, 924 F.2d 851 (9th Cir. 1991), that the exclusive remedy for a third party whose property has been levied upon by the IRS is an action under 26 U.S.C. § 7426(a)(1) for wrongful levy (which has a nine months statute of limitations), and that an action under 28 U.S.C. § 2410(a)(1), to quiet title (which has a six years period of limitations), is not available. Recognizing this, the district court dismissed F & D's second amended complaint with prejudice.

The question is whether *Winebrenner*, which otherwise squarely controls, remains good law in light of *United States v. Williams*, — U.S. —, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), which held that a third party who paid a tax under protest to remove a lien on her property has standing to bring a refund action under 28 U.S.C. § 1346(a)(1), and *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir.1995), which also held that 26 U.S.C. § 7426 was not the exclusive remedy for a claim for refund from the IRS. We hold that where suit is by a nontaxpayer third party and § 7426(a)(1) applies, and the alternative basis proffered for waiver of sovereign immunity is an action to quiet title under § 2410(a)(1), *Winebrenner* continues to control and § 7426 is the exclusive remedy.

We therefore affirm.

## I

In December 1989, the City hired Cates Construction to act as the primary contractor on a project to build a "Return to Custody Center." Cates purchased a Public Works Performance Bond from F & D guaranteeing faithful performance of its contract with the City, and a Payment Bond, guaranteeing prompt payment of certain material and labor costs.

A year later, Cates abandoned the project and failed to pay numerous subcontractors, material suppliers, and laborers, to the tune of several hundred thousand dollars. The City wanted to complete the project, and looked to F & D for the money to do so. F & D obliged, as it had to do under the bonds, and spent almost two million dollars in the process. But that wasn't the end of its troubles.

The IRS entered the picture because Cates owed half a million dollars for unpaid withholding and FICA taxes. On February 27, 1991, the IRS filed a notice of federal tax lien against all of Cates's property and rights to property. The next day, the IRS served a notice of levy on the City for any money the City owed Cates (roughly $600,000).

Meanwhile, F & D had asked the City to reimburse some of what it had spent to complete the project, but the City now couldn't do so because of the outstanding federal tax levy on the remaining contract funds the City was holding. Therefore, on May 10, 1993, F & D filed this action against the City and the IRS seeking a declaration that Cates had no property or rights to property in the funds levied upon by the IRS and that F & D had a super priority right to the funds over the IRS's liens, as well as an order directing the City to hand over the contract funds to F & D instead of the IRS.

The original complaint failed to allege a statutory basis upon which the government waived sovereign immunity and was dismissed with leave to amend. F & D's first amended complaint averred that the court had jurisdiction under 28 U.S.C. §§ 1340 and 1346 and that sovereign immunity had been waived by 26 U.S.C. § 2410(a)(1) (suits to "quiet title"). After the district court again dismissed, F & D filed its second amended complaint alleging that sovereign immunity is waived by virtue of either § 2410(a)(1) or

---

**2.** Section 2410(a)(1) permits a person to name the United States as a party in any civil action or suit seeking "to quiet title to ... property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1). Suits brought pursuant to section 2410 are sub-ject to the statute of limitations in section 2401, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

§ 7426. Having afforded F & D two opportunities to amend, the district court concluded that the facts alleged are insufficient to come within the sovereign immunity waiver of § 2410 and that any claim under § 7426 is time barred under *Winebrenner* and *Sessler v. United States*, 7 F.3d 1449 (9th Cir.1993).

F & D appeals. Although the district court's order dismissed the complaint only as against the IRS, we have jurisdiction under 28 U.S.C. § 1291 because F & D has since dismissed its claims against the City, the last remaining defendant. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir.1980).

## II

Our review here is *de novo* because we must address whether the United States waived its sovereign immunity, *E.J. Friedman Co., Inc. v. United States*, 6 F.3d 1355, 1357 (9th Cir.1993), and the district court's ruling on the appropriate limitations period, *Winebrenner*, 924 F.2d at 855, questions that both involve review of the district court's interpretation of statutes. *Batchelor v. Oak Hill Medical Group*, 870 F.2d 1446, 1447 (9th Cir.1989).

## III

F & D concedes that its action was filed after the nine-month limitations period for bringing a claim for wrongful levy under § 7426(a)(1) expired. If, therefore, *Winebrenner* controls and § 7426(a)(1) is the exclusive remedy for wrongful levy, F & D is out of luck. However, F & D says that the government has waived sovereign immunity under 28 U.S.C. § 2410 for actions challenging the procedural validity of tax liens as well as tax levies, which is what it contends that it is really doing. F & D also argues that the government's waiver under § 2410 extends to suits by third party nontaxpayers regardless of *Winebrenner* because *Winebrenner* is wrong, distinguishable, undermined if not overruled, and limited in any event to situations where a levy has issued and an actual seizure of property has occurred.

The IRS counters that 26 U.S.C. § 7426 provides the exclusive procedural channel for a suit of this kind, as it permits any person other than the taxpayer itself to file a wrongful levy action seeking to have a levy invalidated on the ground that the property subject to the levy belongs to the complainant and not the taxpayer. Because such an action must be brought within nine months after the date the notice of levy is served, 26 U.S.C. §§ 6532(c), 7426(h), F & D's complaint was time-barred and cannot be resuscitated by characterizing it as a claim to quiet title. The IRS further submits that *Winebrenner* has not been overruled as to § 2410, since *Williams* and *WWSM* simply hold that § 7426 is not exclusive with respect to 28 U.S.C. § 1346(a)(1), which provides a different type of relief (refund) from the action to quiet title upon which F & D relies. In any event, the IRS maintains that F & D's claim isn't a genuine quiet title action, as it never had title or possession of the property to begin with.

## A

We examined the interplay between 26 U.S.C. § 7426(a)(1) and 28 U.S.C. § 2410(a)(1) in *Winebrenner*. There, the IRS recorded notices of federal tax liens, naming a residence that it believed the delinquent taxpayer owned, and then served the taxpayer and Winebrenner (the record owner of the home) with a notice of levy upon and seizure of the property. Slightly more than nine months later, Winebrenner filed a lawsuit against the United States, seeking a quiet title order and removal of the tax liens on the residence pursuant to §§ 2410 and 7426. We held that Winebrenner's claim under § 7426(a)(1) was time-barred because the suit was filed more than nine months after the notice of levy and notice of seizure. We also affirmed the district court's grant of summary judgment for the IRS on the § 2410 claim, concluding that "[b]ecause we find that the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426, Winebrenner's claims for quiet title under Section 2410" are barred. *Winebrenner*, 924 F.2d at 855. As we explained, the general six-year statute of limitations found in § 2401

merely establishes an outside limit. Nothing in its language precludes Congress from enacting a shorter limitation period for certain classes of actions....

If persons who claim an interest in property seized by the United States to satisfy a third person's taxes can challenge an I.R.S. levy by a cause of action which falls within 28 U.S.C. § 2410, the intent of Congress to set a short time limit for wrongful levy actions will be completely undercut.

*Id.* at 854 (quoting *United Sand and Gravel Contractors, Inc. v. United States,* 624 F.2d 733, 738 (5th Cir.1980)).

We followed *Winebrenner* in *Sessler,* 7 F.3d 1449 (9th Cir.1993), where innocent third-party purchasers challenged an IRS levy on their property for failure to give them timely notice of intent to levy. We held that § 7426 does not waive immunity for failure to fulfill a procedural requirement (notice of intent to levy) as that doesn't make the levy wrongful; and we rejected their argument that jurisdiction could nevertheless be exercised by recharacterizing their claim as one to quiet title under section 2410(a)(1). "[T]he law around here prevents this," *id.* at 1452, since *Winebrenner* held that § 7426 is the exclusive remedy for a third party whose property has been levied upon.

This case is virtually on all fours with *Winebrenner.* In its second amended complaint, F & D, like Winebrenner, alleges that the IRS wrongfully levied upon its property to satisfy the federal tax liability of another, and seeks a "quiet title" order and the removal of tax liens under §§ 2410(a)(1) and 7426(a)(1). F & D, also like Winebrenner, had a valid claim against the IRS for wrongful levy to the extent F & D brought the claim within the nine-month limitations period, which it failed to do. Thus, the district court correctly concluded that, under *Winebrenner,* F & D's § 7426(a)(1) claim was time-barred and it could not bring a claim under § 2410(a)(1).

**B**

F & D contends that § 2410 applies to actions by third-party nontaxpayers challenging the procedural validity of tax liens and tax levies.[3] It further argues that nothing in the text or the legislative history of §§ 2410 and 7426 supports the conclusion that § 7426 constitutes the exclusive remedy for a third party whose property has been levied upon by the IRS. But these arguments are foreclosed by *Winebrenner* unless, as F & D also contends, *Winebrenner* is either distinguishable or has been disapproved either by the Supreme Court's subsequent decision in *Williams,* —— U.S. ——, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), or our opinion in *WWSM,* 64 F.3d 456 (9th Cir.1995).

F & D argues that *Winebrenner* is distinguishable because it involved the IRS's actual seizure of property, while the funds at issue here are not yet "in the hands of the United States." It submits that this is shown by the fact that *Winebrenner* relied on the Fifth Circuit's decision in *United Sand and Gravel,* 624 F.2d 733 (5th Cir.1980), where the IRS already had physical possession of the money levied upon. We disagree.

Both *Winebrenner* and *United Sand and Gravel* turn on their conclusion that the intent of Congress—that a short nine-month limitations period is desirable for disputes involving tax levies because the government needs to know sooner rather than later whether it must look to other assets of the taxpayer to satisfy the taxpayer's liability—would be thwarted if a person who claimed an interest in property levied upon could wait up to six years to challenge that levy as wrongful under the guise of a "quiet title" action. Thus, the rationale of both cases leaves no room for the distinction F & D urges between property owners whose property has been wrongfully levied upon and property owners whose property has been so levied *and* has been turned over to the IRS. In each instance, the government must have a swift judicial resolution of any doubt concerning the status of the taxpayer's account.

**3.** F & D's second amended complaint alleges that the IRS failed to serve a notice of intent to levy at least thirty days prior to the notice of levy as required by 26 U.S.C. § 6331(d)(1); the IRS failed to provide a notice of seizure as required by 26 U.S.C. § 6335; and the liens did not attach to property of Cates, but instead were placed on F & D's property.

More importantly, § 7426(a)(1) itself provides that the action for wrongful levy "may be brought without regard to whether such property has been surrendered to or sold by the Secretary."

F & D also relies on a line of cases where we have recognized a distinction between property that is in the IRS's hands and property that is not. *See, e.g., Farr v. United States*, 990 F.2d 451, 453 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993). However, these are taxpayer cases under § 2410(a) where we have made clear that "there can be jurisdiction over an action to quiet title to personal property when the IRS has imposed a lien and the taxpayer seeks to contest the procedural validity of that lien, [but] as to amounts that have already come into the hands of the IRS, no quiet title action will lie." *Id.* F & D is not the taxpayer, and thus, unlike the taxpayer in *Farr*, it has a claim against the IRS for wrongful levy under section 7426.

F & D argues that even if *Winebrenner* is not distinguishable, it is no longer good law after *Williams* and *WWSM*. In *Williams*, the IRS placed a lien on Lori Williams's home (but did not levy upon it) to cover taxes assessed against and owed by her husband. The Supreme Court held that she could bring a tax refund action against the IRS under 28 U.S.C. § 1346(a)(1),[4] because "the waiver of sovereign immunity in § 1346(a)(1) authorizes a refund suit by a party who, though not assessed a tax, paid the tax under protest to remove a federal tax lien from her property." *Williams*, —— U.S. at ——, 115 S.Ct. at 1615.[5] In so holding, the Court rejected the IRS's argument that Williams had other remedies she could have pursued to get her money back: "If the Government has not levied on property—as it has not levied on Williams' home—the owner cannot challenge such a levy under 26 U.S.C. § 7426." *Id.* at ——, 115 S.Ct. at 1618. Nor did the Court agree that recognizing a remedy for Williams

under section 1346(a)(1) would render superfluous the levy and quiet title remedies:

> Section 1346(a)(1) is a post-deprivation remedy, available only if the taxpayer has paid the Government in full. The other remedies offer pre-deprivation relief. The levy provision in 26 U.S.C. § 7426(a)(1) is available "without regard to whether such property has been surrendered to or sold by the Secretary." Likewise, 28 U.S.C. § 2410 allows a property owner to have a lien discharged without ever paying the tax.

*Id.* at ——, 115 S.Ct. at 1619 (internal citation omitted). In short, the Court held that a third party who is not liable for a tax, but who pays it in order to remove a lien against property, has no remedy available under § 7426 (unlike F & D) and may, therefore, sue the INS for a refund under § 1346(a)(1).

In *WWSM*, the IRS levied on bank accounts of WWSM, a creditor of a company that owed the IRS for unpaid payroll taxes. WWSM claimed a lien superior to the IRS's tax claim, but the IRS refused to return the money so WWSM sued under § 7426. The district court granted summary judgment because of the nine-month bar (and we agreed), but refused leave to amend to allege a claim under 28 U.S.C. § 1346(a)(1). Relying on *Williams*, we held that leave should have been given because WWSM, as a third party nontaxpayer whose bank accounts were levied upon and seized by the IRS, had standing to file suit for a refund under § 1346(a)(1). *WWSM*, 64 F.3d at 459. Thus, to the extent that a refund action is available, § 7426 is not the exclusive remedy for a wrongful levy and to this extent, *Winebrenner* has been overruled by *Williams*. *Id.* at 458.

Because they are both refund cases, neither *Williams* nor *WWSM* overturns our specific holding in *Winebrenner* that a claim under § 2410(a)(1) is foreclosed whenever section 7426(a)(1) applies. Accordingly, inas-

---

4. Section 1346(a)(1) waives the government's sovereign immunity from suit by authorizing federal courts to adjudicate "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1).

5. The Court affirmed our decision in *Williams v. United States*, 24 F.3d 1143 (9th Cir.1994), holding that a third party who is not liable for a tax, but who pays it in order to remove a lien against property, may sue the IRS for a refund under section 1346(a)(1).

much as F & D does have a claim under section 7426(a)(1) for wrongful levy of the property held by the City, and seeks a quiet title order under section 2410(a)(1) but not a tax refund under section 1346(a)(1), *Winebrenner* rather than *Williams* or *WWSM* controls.

AFFIRMED.