**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AUDIO INVESTMENTS, an Irrevocable
Trust,
              *Plaintiff-Appellant,*

              v.

DEWEY L. ROBERTSON, SR.,
   *Defendant & Third Party Plaintiff-*
                        *Appellee,*

              and

UNITED STATES OF AMERICA,
     *Third Party Defendant-Appellee,*

              and

ROGER DAVENPORT,
              *Third Party Defendant.*

No. 02-1681

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CA-00-2847-8-20BG)

Submitted: May 29, 2003

Decided: June 17, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Orin G. Briggs, Lexington, South Carolina, for Appellant. Eileen J. O'Connor, Assistant Attorney General, Richard Farber, Michael J. Haungs, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; James O. Spence, Lexington, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Audio Investments appeals from the district court's order granting summary judgment in favor of the United States in this action to determine interests in property sold by the Internal Revenue Service to satisfy tax liens of Roger Davenport. Finding no error, we affirm.

This action originated in the South Carolina state court when Audio Investments filed an action to quiet title to property that had been sold by the IRS to satisfy tax liens of Roger Davenport. The purchaser of the property joined Davenport and the United States as third-party defendants, and the United States removed the action to the district court.

Roger Davenport and his wife, Margaret Davenport, separately transferred their interests in their home in Saluda County, South Carolina, to their daughter, Faith Davenport. Faith paid "ten dollars, plus love and affection" for these transfers. Faith later transferred her interest in the home to Audio Investments, a "pure trust organization."

The IRS made assessments against Roger Davenport based on his failure to pay federal income taxes for 1991, 1992, and 1993. After Davenport failed to pay the assessed amount, the IRS filed notices of

federal tax liens, and issued notices to Davenport of the intent to levy. The IRS also filed a notice of federal tax lien with respect to taxes due from Roger Davenport for 1991-1993 against "Audio Investments, Alter Ego of Roger Orme Davenport." The IRS subsequently levied on Davenport's assets and seized and sold the Saluda County home.

Nearly a year after a deed was issued to the purchaser, Audio Investments filed its quiet title action seeking to set aside the IRS seizure and sale. The district court granted the United States' motion for summary judgment, finding that the IRS properly seized and sold the property. Audio Investments appealed.*

Audio Investments challenges the district court's denial of its motion to remand the case to the state court. Because Audio Investments did not timely move to remand the case, *see* 28 U.S.C. § 1447(c) (2000), any objection to the basis for removal—except lack of subject matter jurisdiction—has been waived. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991). The issues in this case concerned the propriety of the IRS's seizure and sale of real property to satisfy federal tax liens. We find that the district court undoubtedly "would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972). Accordingly, we conclude that the district court had jurisdiction over the case and, therefore, properly denied the motion to remand.

Audio Investments next challenges the district court's entry of summary judgment in favor of the IRS. It argues that the levy was improper because the seizure and sale of the property affected the ownership interests of persons who were not the taxpayer subject to the liens.

An action for wrongful levy under 26 U.S.C. § 7426(a)(1) (2000), is the exclusive means for challenging a levy on property that "does

---

*Although Roger Davenport actively participated in the proceedings in the district court, he has not appealed from the district court's order. Therefore, the scope of this appeal is limited to Audio Investments' claim of an interest in the property.

not, in whole or part, belong to the taxpayer against whom the levy originated." *Arth v. United States*, 735 F.2d 1190, 1192-93 (9th Cir. 1984); *see Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 916 (8th Cir. 1998) (holding that wrongful levy action under § 7426(a)(1) is the "exclusive remedy of third parties who seek to assert claims on IRS-levied property"); *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991) (same).

A wrongful levy action must be filed within nine months of the date of the levy. 26 U.S.C. § 6532(c)(1) (2000). Audio Investments filed its quiet title action nearly one year after the expiration of the limitations period for filing a wrongful levy action. Having failed to timely file a wrongful levy action, Audio Investments cannot circumvent this exclusive remedy by filing a quiet title action. *Dahn v. United States*, 127 F.3d 1249, 1253 (10th Cir. 1997); *Fidelity & Deposit Co. v. City of Adelanto*, 87 F.3d 334, 336 (9th Cir. 1996); *Williams*, 947 F.2d at 39. Because Audio Investments failed to preserve its claim of an interest in the property, *see* 26 U.S.C. § 6532(c); 26 U.S.C. § 7426(a)(1); *Dahn*, 127 F.3d at 1253, we find that the district court properly granted summary judgment in favor of the United States as against Audio Investments.

The last argument raised by Audio Investments is that the district court erred in denying its motion to compel discovery based on the IRS's claim that the requested document fell within the attorney-client privilege. Audio Investments had requested from the United States all evidence or documentation supporting the claim that Audio Investments is the alter ego of Roger Davenport. Because the requested document was addressed to counsel and contained the basis for the government's theory of the case, we find no abuse of discretion by the district court in denying the motion to compel. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-52 (1975) (describing scope of privilege for pre-decisional deliberations); *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (providing standard).

In conclusion, we affirm the district court's order upholding the validity of the seizure and sale of the Saluda County property and granting summary judgment in favor of the United States. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*