Elizabeth J. KLIMAS, Plaintiff–Appellant,

v.

DEPARTMENT OF THE TREASURY; et al., Defendants–Appellees.

No. 03–56878.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth J. Klimas, Sherman Oaks, CA, pro se.

Debra W. Yang, Esq., Kenneth L. Greene, Esq., Paula K. Speck, DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Defendants–Appellees.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Elizabeth J. Klimas appeals pro se the district court's judgment dismissing for lack of subject matter jurisdiction her action against the Department of the Treasury, Internal Revenue Service, Immigration and Naturalization Service, and the Department of Justice brought under 42 U.S.C. §§ 1983 and 1985. Klimas alleged that defendants violated her constitutional and civil rights, deprived her of equal protection, illegally assessed and collected taxes, and committed various torts against her.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction, *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992), and for failure to establish a waiver of sovereign immunity, *Fidelity and Deposit Co. of Maryland v. City of Adelanto*, 87 F.3d 334, 336 (9th Cir.1996). We affirm the district court.

The district court properly found that the United States has not waived its sovereign immunity under any statute. *See*

*Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir.1995). Further, Klimas has not shown state action under 42 U.S.C. § 1983 or a conspiracy under 42 U.S.C. § 1985. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir.1980). Nor may Klimas bring this action under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because she did not file her suit against employees and officers of the federal government acting in their individual capacities.

Klimas's contention that the district court had jurisdiction to hear her suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–80, fails because Klimas has not alleged that she exhausted her administrative remedies before bringing suit. *See* 28 U.S.C. § 2675(a); *Gillespie*, 629 F.2d at 640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted). Furthermore, the FTCA bars defamation actions, 28 U.S.C. § 2680(h), as well as claims related to the assessment or collection of tax, 28 U.S.C. § 2680(c).

Klimas has not alleged that she paid in full the taxes for which she now seeks a refund; that she filed a claim for a refund; or that any such claim had been denied or that six months had elapsed since she filed for a refund. Therefore, the district court properly determined that it had no jurisdiction to address her tax refund claims. *See Sorenson v. Secretary of Treasury*, 752 F.2d 1433, 1438 (9th Cir.1985).

The district court also lacked jurisdiction over Klimas's complaint under Inter-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nal Revenue Code 26 U.S.C. § 7433 because she failed to allege specific violations of statutes or regulations and because she did not allege that she has exhausted her administrative remedies. *See* 26 U.S.C. § 7433(d)(1); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992).

Klimas's suit does not fall within the quiet title statutes because she does not allege that the government claims title to her property or holds property with her; nor does she specify which liens she seeks to challenge or which procedures were allegedly violated when these liens were imposed. *See* 28 U.S.C. §§ 2409, 2409a and 2410.

Klimas's remaining contentions lack merit.

We decline to consider Klimas's claims against individual defendants named and new arguments raised for the first time in her reply brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

AFFIRMED.