961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Smith KIRK; William Smith KIRK, D.D.S., P. A.,
Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 91-2697.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 26, 1992
Decided: April 30, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Norwood Carlton Tilley, Jr., District Judge. (CA-91-191-4)
 Malcolm B. Blankenship, Jr., KLUTTZ, HAMLIN, REAMER, BLANKENSHIP, & KLUTTZ, Salisbury, North Carolina, for Appellants.
 Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, David English Carmack, Susan Findling Fleig, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Smith Kirk and William Smith Kirk, D.D.S., P.A., appeal from the decision of the district court dismissing their challenge to an Internal Revenue Service tax levy for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Kirk, a North Carolina orthodontist, employed Maxine Y. White as a bookkeeper. During her employment White embezzled in excess of $200,000 from Kirk. On February 28, 1990, as a result of unpaid taxes, the Internal Revenue Service ("IRS") levied on certain property belonging to White, including 9,260 shares of stock in the Food Lion corporation ("the stock"). On April 19, 1991, Kirk filed the present action challenging the IRS levy on the stock.* Kirk claimed under various theories that he held a superior interest in the stock.
 
 
 3
 The Government moved to dismiss, arguing that the nine month statute of limitations applicable to 26 U.S.C.A.s 7426 (West 1989) actions, see 26 U.S.C.A. § 6532(c)(1) (West 1989), barred Kirk's suit. The district court agreed and dismissed the suit under Fed. R. Civ. P. 12(b)(1). Kirk filed a timely notice of appeal.
 
 
 4
 This Court reviews a dismissal for lack of jurisdiction de novo. American Principals Leasing Corp. v. United States, 904 F.2d 477, 480 (9th Cir. 1990).
 
 
 5
 Kirk made two arguments in the district court in response to the Government's motion to dismiss. The first was that the suit was timely under § 7426. The second was that the complaint also stated a cause of action to quiet title under 28 U.S.C.A.s 2410 (West 1978), and was therefore timely because quiet title actions are subject to a six year statute of limitations. On appeal Kirk has effectively conceded that if § 7426 is his exclusive remedy then the action is properly barred as being untimely.
 
 
 6
 The essence of Kirk's claim is that since he is not challenging the validity of the levy itself, and does not claim that the levy was wrongful, § 7426 is not his only remedy. He claims that because he only seeks a declaration of the priority of the competing claims, he is entitled to bring a quiet title action under § 2410.
 
 
 7
 Those courts which have addressed this argument have unanimously concluded that § 2410 is not available to plaintiffs in Kirk's situation. Winebrenner v. United States, 924 F.2d 851, 854-55 (9th Cir. 1991); United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 737-39 (5th Cir. 1980); see also Trust Co. of Columbus v. United States, 735 F.2d 447, 448 (11th Cir. 1984); Rosenblum v. United States, 549 F.2d 1140, 1144-45 (8th Cir.), cert. denied, 434 U.S. 818 (1977). We agree with these courts thats 7426 is the exclusive remedy for plaintiffs like Kirk.
 
 
 8
 Kirk concedes that this action was not filed within the time limits set for § 7426 actions. Because Kirk's only remedy is time barred, we affirm the decision of the district court dismissing the complaint for lack of subject matter jurisdiction.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 All references to Kirk apply both to Kirk personally and to the professional association