United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

Robert A. Miller; Kody Miller, by his      *
parent and natural guardian Robert A.      *
Miller; Carey Miller; Jeremiah Justin      *
Miller, minor, by his parent and legal     *
guardian Carey Miller; Rick Miller;        *
James Miller; Claudia Greiner; Ave         *
Maria Askey; Nanette Kelley,               *
                                           *
       Plaintiffs-Appellees,       *
                                           *
   v.                                      *
                                           *
Tony and Susan Alamo Foundation,           *
doing business as Southwest Business       *
Management Co., Tony and Susan             *   Appeals from the United States
Alamo Christian Foundation, Holy           *   District Court for the Western
Alamo Christian Church, Alamo              *   District of Arkansas.
Builders Emporium of Alma, Arkansas,       *
Alamo Candy Company, Alamo                 *
Construction Company, Alamo Electric       *
of Alma, Arkansas, Alamo Expert            *
Roofing of Fort Smith, Arkansas, Alamo     *
Land Development Company of Alma,           *
Ark., Alamo Plumbing of Alma,              *
Arkansas, Alamo Quarries of Alma,          *
Arkansas, Alamo Packing of Alma,           *
Arkansas, Tennessee Country Boy            *
Distributors, TCB Distributors;            *
                                           *
Music Square Church, doing business as     *
Alamo Mini Mart, Holiness Tabernacle       *

Christian School, Alamo of Nashville, &ast;
Alamo Ready Mix, Alamo Discount &ast;
Grocery, Hartford Advertising, Alamo &ast;
Freight, Alamo Farms, Alamo &ast;
Restaurant, Alamo Kerr-McGee &ast;
Transmission Shop, Alamo DX, End &ast;
Time Books; &ast;
&ast;
Tony Alamo, also known as Tony &ast;
Fernando, Bernie Lazar, Tony &ast;
Fernando Alamo, Bernie Hoffman, &ast;
Bernie Lazar Hoffman, Boris Lazar, &ast;
Papa Tony, Individually & as Officer &ast;
and Director of Tony & Susan Alamo &ast;
Foundation and Music Square Church, &ast;
&ast;
Marc Landgarten, Individually & as &ast;
Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church Foundation & Music Square &ast;
Church; Tommy Scarcello, Individually &ast;
& as Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; Carol Ann Miller, also known &ast;
as Carol Ann Landgarten, Individually &ast;
& as Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; Susan L. Miller, also known as &ast;
Susan Scarcello, Individually & as &ast;
Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; &ast;
&ast;
Defendants, &ast;
&ast;
Edward Mick; William R. Levy; Richard &ast;
T. Hydell; William J. Baxter; Lane L. &ast;

Petra; Ralph Malone; Debra Malone; Lucien Claude; Donald Wylie; Kathy Wylie; A. Z. Hudson; Timothy Leathers, Commissioner of Revenue, Arkansas Department of Finance and Administration,

                Intervenors,

United States of America,

                Internvenor-Appellant,

C. G. Turner; Jesse Rhodes, Inc.; Rev. Joseph Orlando; Mrs. Joseph Orlando; Rev. Donald Sweat; Mrs. Donald Sweat; Rev. David Scheff; Mrs. David Scheff; Rev. Larry Willis; Mrs. Larry Willis; Rev. Addison Benson; Mrs. Addison Benson; Rev. Richard Ondrisek; Mrs. Richard Ondrisek; Rev. Gerard Demoulin; Mrs. Gerard Demoulin; Rev. Ian Mann; Mrs. Ian Mann; Rev. Thomas Scarcello; Mrs. Thomas Scarcello; Rev. Robert Streit; Mrs. Robert Streit; Rev. Ted Franckiewicz; Mrs. Ted Franckiewicz;

                Movants,

Roderick Realty & Ins. Co.;

                Claimant.

-3-

_____

No. 96-2745WA
_____

Robert A. Miller; Kody Miller, by his    *
parent and natural guardian Robert A.    *
Miller; Carey Miller; Jeremiah Justin    *
Miller, minor, by his parent and legal    *
guardian Carey Miller; Rick Miller;    *
James Miller; Claudia Greiner; Ave    *
Maria Askey; Nanette Kelley,    *
   *
       Plaintiffs-Appellants,    *
   *
     v.    *
   *
Tony and Susan Alamo Foundation,    *
doing business as Southwest Business    *
Management Co., Tony and Susan    *
Alamo Christian Foundation, Holy    *
Alamo Christian Church, Alamo    *
Builders Emporium of Alma, Arkansas,    *
Alamo Candy Company, Alamo    *
Construction Company, Alamo Electric    *
of Alma, Arkansas, Alamo Expert    *
Roofing of Fort Smith, Arkansas, Alamo    *
Land Development Company of Alma,    *
Arkansas, Alamo Quarries of Alma,    *
Arkansas, Alamo Packing of Alma,    *
Arkansas, Tennessee Country Boy    *
Distributors, TCB Distributors;    *
   *
Music Square Church, doing business as    *
Alamo Mini Mart, Holiness Tabernacle    *
Christian School, Alamo of Nashville,    *
Alamo Ready Mix, Alamo Discount    *

Grocery, Hartford Advertising, Alamo    *
Freight, Alamo Farms, Alamo              *
Restaurant, Alamo Kerr-McGee            *
Transmission Shop, Alamo DX, End        *
Time Books;                              *
                                         *
Tony Alamo, also known as Tony          *
Fernando, Bernie Lazar, Tony Fernando   *
Alamo, Bernie Hoffman, Bernie Lazar     *
Hoffman, Boris Lazar, Papa Tony,        *
Individually and as Officer and Director *
of Tony & Susan Alamo Foundation and    *
Music Square Church;                     *
                                         *
          Defendants,                    *
                                         *
Marc Landgarten, Individually & as      *
Managing Agent for Tony & Susan         *
Alamo Foundation & Music Square         *
Church Foundation & Music Square        *
Church; Tommy Scarcello, Individually   *
& as Managing Agent for Tony & Susan    *
Alamo Foundation & Music Square         *
Church; Carol Ann Miller, also known    *
as Carol Ann Landgarten, Individually & *
as Managing Agent for Tony & Susan      *
Alamo Foundation & Music Square         *
Church; Susan L. Miller, also known as  *
Susan Scarcello, Individually & as      *
Managing Agent for Tony & Susan         *
Alamo Foundation & Music Square         *
Church;                                  *
                                         *
          Defendants,                    *
                                         *
Edward Mick; William R. Levy; Richard   *
T. Hydell; William J. Baxter; Lane L.   *

Petra; Ralph Malone; Debra Malone;          *
Lucien Claude; Donald Wylie; Kathy           *
Wylie; A. Z. Hudson; Timothy Leathers,       *
Commissioner of Revenue, Arkansas            *
Department of Finance and                    *
Administration;                              *
                                             *
          Intervenors,                               *
                                             *
United States of America;                    *
                                             *
          Intervenor-Appellee,                       *
                                             *
C. G. Turner; Jesse Rhodes, Inc.; Rev.       *
Joseph Orlando; Mrs. Joseph Orlando;         *
Rev. Donald Sweat; Mrs. Donald               *
Sweat; Rev. David Scheff; Mrs. David         *
Scheff; Rev. Larry Willis; Mrs. Larry        *
Willis; Rev. Addison Benson; Mrs.            *
Addison Benson; Rev. Richard                  *
Ondrisek; Mrs. Richard Ondrisek; Rev.        *
Gerard Demoulin; Mrs. Gerard                  *
Demoulin; Rev. Ian Mann; Mrs. Ian            *
Mann; Rev. Thomas Scarcello; Mrs.            *
Thomas Scarcello; Rev. Robert Streit;        *
Mrs. Robert Streit; Rev. Ted                  *
Franckiewicz; Mrs. Ted Franckiewicz;         *
                                             *
          Movants,                                   *
                                             *
Roderick Realty & Ins. Co.,                  *
                                             *
          Claimant.                                  *

_____

No. 97-1691WA
_____

Robert A. Miller; Kody Miller, by his        *
parent and natural guardian Robert A.        *
Miller; Carey Miller; Jeremiah Justin        *
Miller, minor, by his parent and legal       *
guardian Carey Miller; Rick Miller;          *
James Miller; Claudia Greiner; Ave           *
Maria Askey; Nanette Kelley,                  *
                                             *
          Plaintiffs-Appellees,        *
                                             *
    v.                                      *
                                             *
Tony and Susan Alamo Foundation,             *
doing business as Southwest Business         *
Management Co., Tony and Susan               *
Alamo Christian Foundation, Holy             *
Alamo Christian Church, Alamo                *
Builders Emporium of Alma, Arkansas,         *
Alamo Candy Company, Alamo                   *
Construction Company, Alamo Electric         *
of Alma, Arkansas, Alamo Expert              *
Roofing of Fort Smith, Arkansas, Alamo       *
Land Development Company of Alma,             *
Ark., Alamo Plumbing of Alma,                *
Arkansas, Alamo Quarries of Alma,            *
Arkansas, Alamo Packing of Alma,             *
Arkansas, Tennessee Country Boy              *
Distributors, TCB Distributors;              *
                                             *
Music Square Church, doing business as       *
Alamo Mini Mart, Holiness Tabernacle         *

Christian School, Alamo of Nashville, &ast;
Alamo Ready Mix, Alamo Discount &ast;
Grocery, Hartford Advertising, Alamo &ast;
Freight, Alamo Farms, Alamo &ast;
Restaurant, Alamo Kerr-McGee &ast;
Transmission Shop, Alamo DX, End &ast;
Time Books; &ast;
&ast;
Tony Alamo, also known as Tony &ast;
Fernando, Bernie Lazar, Tony Fernando &ast;
Alamo, Bernie Hoffman, Bernie Lazar &ast;
Hoffman, Boris Lazar, Papa Tony, &ast;
Individually & as Officer and Director &ast;
of Tony & Susan Alamo Foundation and &ast;
Music Square Church, &ast;
&ast;
Marc Landgarten, Individually & as &ast;
Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church Foundation & Music Square &ast;
Church; Tommy Scarcello, Individually &ast;
& as Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; Carol Ann Miller, also known &ast;
as Carol Ann Landgarten, Individually &ast;
& as Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; Susan L. Miller, also known as &ast;
Susan Scarcello, Individually & as &ast;
Managing Agent for Tony & Susan &ast;
Alamo Foundation & Music Square &ast;
Church; &ast;
&ast;
Defendants, &ast;
&ast;
Edward Mick; William R. Levy; Richard &ast;
T. Hydell; William J. Baxter; Lane L. &ast;

Petra; Ralph Malone; Debra Malone;    *
Lucien Claude; Donald Wylie; Kathy    *
Wylie; A. Z. Hudson; Timothy Leathers, *
Commissioner of Revenue, Arkansas    *
Department of Finance and    *
Administration;    *
    *
        Intervenors,    *
    *
United States of America,    *
    *
        Intervenor Below-Appellant,*
    *
C. G. Turner; Jesse Rhodes, Inc.; Rev.    *
Joseph Orlando; Mrs. Joseph Orlando;    *
Rev. Donald Sweat; Mrs. Donald    *
Sweat; Rev. David Scheff; Mrs. David    *
Scheff; Rev. Larry Willis; Mrs. Larry    *
Willis; Rev. Addison Benson; Mrs.    *
Addison Benson; Rev. Richard    *
Ondrisek; Mrs. Richard Ondrisek; Rev.    *
Gerard Demoulin; Mrs. Gerard    *
Demoulin; Rev. Ian Mann; Mrs. Ian    *
Mann; Rev. Thomas Scarcello; Mrs.    *
Thomas Scarcello; Rev. Robert Streit;    *
Mrs. Robert Streit; Rev. Ted    *
Franckiewicz; Mrs. Ted Franckiewicz;    *
    *
        Movants,    *
    *
Roderick Realty & Ins. Co.,    *
    *
        Claimant.    *

Robert A. Miller; Kody Miller, by his        *
parent and natural guardian Robert A.        *
Miller; Carey Miller; Jeremiah Justin        *
Miller, minor, by his parent and legal       *
guardian Carey Miller; Rick Miller;          *
James Miller; Claudia Greiner; Ave           *
Maria Askey; Nanette Kelley,                  *

                                             *

          Plaintiffs-Appellants,             *
                                             *
     v.                                      *
                                             *
Tony and Susan Alamo Foundation,             *
doing business as Southwest Business         *
Management Co., Tony and Susan               *
Alamo Christian Foundation, Holy             *
Alamo Christian Church, Alamo                *
Builders Emporium of Alma, Arkansas,         *
Alamo Candy Company, Alamo                   *
Construction Company, Alamo Electric         *
of Alma, Arkansas, Alamo Expert              *
Roofing of Fort Smith, Arkansas, Alamo       *
Land Development Company of Alma,            *
Ark., Alamo Plumbing of Alma,                *
Arkansas, Alamo Quarries of Alma,            *
Arkansas, Alamo Packing of Alma,             *
Arkansas, Tennessee Country Boy              *
Distributors, TCB Distributors;             *
                                             *
Music Square Church, doing business as       *
Alamo Mini Mart, Holiness Tabernacle         *

-10-

Christian School, Alamo of Nashville,  *
Alamo Ready Mix, Alamo Discount  *
Grocery, Hartford Advertising, Alamo  *
Freight, Alamo Farms, Alamo  *
Restaurant, Alamo Kerr-McGee  *
Transmission Shop, Alamo DX, End  *
Time Books;  *
 *
Tony Alamo, also known as Tony  *
Fernando, Bernie Lazar, Tony Fernando  *
Alamo, Bernie Hoffman, Bernie Lazar  *
Hoffman, Boris Lazar, Papa Tony,  *
Individually and as Officer and Director  *
of Tony & Susan Alamo Foundation  *
and Music Square Church;  *
 *
Marc Landgarten, Individually & as  *
Managing Agent for Tony & Susan  *
Alamo Foundation & Music Square  *
Church Foundation & Music Square  *
Church; Tommy Scarcello, Individually  *
& as Managing Agent for Tony & Susan  *
Alamo Foundation & Music Square  *
Church; Carol Ann Miller, also known  *
as Carol Ann Landgarten, Individually  *
& as Managing Agent for Tony & Susan  *
Alamo Foundation & Music Square  *
Church; Susan L. Miller, also known as  *
Susan Scarcello, Individually & as  *
Managing Agent for Tony & Susan  *
Alamo Foundation & Music Square  *
Church;  *
 *
   Defendants,  *
 *
Edward Mick; William R. Levy; Richard  *
T. Hydell; William J. Baxter; Lane L.  *

Petra; Ralph Malone; Debra Malone;   *
Lucien Claude; Donald Wylie; Kathy   *
Wylie; A. Z. Hudson; Timothy Leathers,   *
Commissioner of Revenue, Arkansas   *
Department of Finance and   *
Administration;   *
  *
             Intervenors,   *
  *
United States of America,   *
  *
             Intervenor Below-Appellee,   *
  *
C. G. Turner; Jesse Rhodes, Inc.; Rev.   *
Joseph Orlando; Mrs. Joseph Orlando;   *
Rev. Donald Sweat; Mrs. Donald   *
Sweat; Rev. David Scheff; Mrs. David   *
Scheff; Rev. Larry Willis; Mrs. Larry   *
Willis; Rev. Addison Benson; Mrs.   *
Addison Benson; Rev. Richard   *
Ondrisek; Mrs. Richard Ondrisek; Rev.   *
Gerard Demoulin; Mrs. Gerard   *
Demoulin; Rev. Ian Mann; Mrs. Ian   *
Mann; Rev. Thomas Scarcello; Mrs.   *
Thomas Scarcello; Rev. Robert Streit;   *
Mrs. Robert Streit; Rev. Ted   *
Franckiewicz; Mrs. Ted Franckiewicz;   *
  *
             Movants,   *
  *
Roderick Realty & Ins. Co.,   *
  *
             Claimant.   *

_____

Submitted: November 17, 1997
Filed: January 20, 1998
_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
_____

FAGG, Circuit Judge.

This appeal involves a priority dispute between the Miller plaintiffs and the Internal Revenue Service (IRS) over property levied on by the IRS to satisfy an unpaid tax assessment against the Tony and Susan Alamo Foundation (the Foundation). After the IRS seized the property, the Millers staked their rival claim by bringing a garnishment action against the Government. The Government answered it was immune from the Millers' claim, but the district court held the Millers' action was not barred by the doctrine of sovereign immunity. Deciding the Millers' lien on the levied property trumped the IRS's claim, the district court awarded the levy proceeds to the Millers, but ruled the IRS was entitled to retain $143,617.45 for the cost of storing the property before it was sold. The Government appeals, challenging the district court's sovereign immunity and lien priority rulings. The Millers cross-appeal the award of storage costs. We need not reach the lien priority issues because, contrary to the district court's decision, we conclude the Government did not waive its sovereign immunity from the Millers' garnishment action.

The lengthy history of this case may be briefly summarized. In 1988, the Millers sued Tony Alamo and several Alamo-run organizations, including the Foundation, under the Fair Labor Standards Act and various state laws. The district court decided Alamo's corporations were nothing more than his alter egos. We affirmed that decision on appeal. See Miller v. Tony & Susan Alamo Found., 924 F.2d 143, 146 (8th Cir.

1991).  The district court entered default judgment against Alamo in excess of $1.4 million, but the Millers were not Alamo's only creditors.  Having assessed employment taxes against the Foundation, the IRS seized by levy the property in dispute here, which was located in Fort Smith, Arkansas and Nashville, Tennessee (the Fort Smith/Nashville property).

Seeking to collect on their judgment, the Millers executed on other property owned by Alamo and his enterprises.  That property was sold, netting $340,000.  Several parties intervened to lay claim to the execution sale proceeds, among them the IRS.  The district court ordered the $340,000 disbursed to the Millers, the Government appealed, and we affirmed.  See Miller v. Alamo, 975 F.2d 547, 553 (8th Cir. 1992).  Meanwhile, the Millers obtained writs of garnishment from the district court under Arkansas law, claiming all Alamo property in the IRS's possession.

The Government contended it was immune from the Millers' garnishment action, but the district court held the Government's intervention waived its sovereign immunity. The district court based its ruling chiefly on two statutes, 26 U.S.C. § 7424 (1994) and 28 U.S.C. § 2410(a) (1994).  Under the terms of § 7424, when the United States intervenes in a lawsuit to assert a lien on "the property which is the subject of [the suit]," § 2410 "shall apply . . . as if the United States had originally been named a defendant in such action or suit."  Section 2410(a), in turn, waives the Government's immunity from civil actions affecting property on which the United States has or claims a lien. Claims under § 2410(a) have a limitations period of six years.  See 28 U.S.C. § 2401(a) (1994).  The district court also held that by intervening, the Government waived its sovereign immunity based on "general principles governing intervention under [Federal Rule of Civil Procedure] 24(a)."  The Government argued below, and argues on appeal, that the Millers could dispute the IRS's levy of the Fort Smith/Nashville property only under 26 U.S.C. § 7426(a)(1) (1994).  Section 7426(a)(1) waives the Government's immunity for wrongful levy suits brought by a third party--that is, any person "other than the person against whom is assessed the tax

-14-

out of which such levy arose"--who claims an interest in or lien on the property. Wrongful levy actions are subject to a nine-month statute of limitations. See 26 U.S.C. § 6532(c)(1) (1994).

Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. See United States v. Dalm, 494 U.S. 596, 608 (1990). This consent must be unequivocally expressed in statutory text, see United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992), and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign, see id. at 34. District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented. See Loudner v. United States, 108 F.3d 896, 900 (8th Cir. 1997). Because a statute of limitations is one of the terms of Congress's consent, a time-barred claim against the Government is an unconsented claim, over which a district court has no jurisdiction. See id. at 900 n.1.

We take up first the district court's conclusion that the Government waived its immunity under "general principles governing intervention." In defense of this obscure holding, the Millers cite a flurry of cases they say stand for the proposition that when a sovereign intervenes in a lawsuit, it relinquishes its immunity as to all issues in the litigation between the sovereign and an adverse party. The Millers' broad overstatement is seriously misleading. We acknowledge the long-established principle "that when the [G]overnment itself seeks its rights at the hands of the court, equity requires that the rights of other parties interested in the subject-matter should be protected." Carr v. United States, 98 U.S. 433, 438 (1878). Thus, when the United States brings a claim in court, it "'waives immunity as to claims of the defendant which assert matters in recoupment--arising out of the same transaction or occurrence which is the subject matter of the [G]overment's suit.'" United States v. Johnson, 853 F.2d 619, 621 (8th Cir. 1988) (quoting Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967)). But this waiver does not extend to claims "beyond the . . . property in controversy." The Siren, 74 U.S. (7 Wall.) 152, 154 (1868); see also 6 Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1427, at 197-98 (2d ed. 1990). Those claims remain barred absent an unequivocal statutory waiver of sovereign immunity.

These principles defeat the Millers' argument. The "property in controversy" the Government intervened to claim was the $340,000 in proceeds from the Millers' execution sale. Under the cases just cited, and more importantly under 26 U.S.C. § 7424, the district court properly exercised jurisdiction over the Millers' adverse claim to that sum. It is equally clear, however, the Government's intervention did not give the district court jurisdiction over the Millers' garnishment action on the Fort Smith/Nashville property. The Millers' execution sale proceeds and the Fort Smith/Nashville property are different matters, as we have observed before. See Miller, 975 F.2d at 550 ("The validity of the Millers' garnishment against the IRS has no bearing on the fund of money at issue in this case . . . .").

We turn now to the district court's conclusion that 26 U.S.C. § 7424 and 28 U.S.C. § 2410 waived the Government's immunity to the Millers' garnishment action. Contrary to the district court's view, the Millers could not avail themselves of these statutes because their sole recourse was a claim for wrongful levy under 26 U.S.C. § 7426(a)(1). Section 7426(a)(1) is the exclusive remedy of third parties who seek to assert claims on IRS-levied property. See Rosenblum v. United States, 549 F.2d 1140, 1144-45 (8th Cir. 1977); accord Dahn v. United States, 127 F.3d 1249, 1253 (10th Cir. 1997); Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991); Winebrenner v. United States, 924 F.2d 851, 853-55 (9th Cir. 1991); Trust Co. of Columbus v. United States, 735 F.2d 447, 448 (11th Cir. 1984); United Sand and Gravel Contractors, Inc. v. United States, 624 F.2d 733, 739-40 (5th Cir. 1980). The Millers do not dispute they failed to assert a timely § 7426(a)(1) wrongful levy claim on the Fort Smith/Nashville property. Thus, the Millers' claim to the Fort Smith/Nashville property is outside the subject-matter jurisdiction of the district court. See Loudner, 108 F.3d at 900 n.1.

The Millers resist this conclusion, contending § 7426(a)(1) is not their exclusive remedy in this case because the Government's intervention under 26 U.S.C. § 7424 opened up 28 U.S.C. § 2410 as an alternative path around the sovereign immunity barrier. We disagree. The Millers' claim on the Fort Smith/Nashville property is exactly the kind of claim to which § 7426(a)(1) by its terms applies. By enacting § 7426(a)(1), Congress unequivocally waived immunity for third-party claims on levied property, subject to a nine-month statute of limitations. Congress has nowhere provided that when the IRS intervenes in a lawsuit under § 7424, an adverse party's claim that can be brought only under § 7426(a)(1) is transformed into a § 2410 quiet title action, with a six-year limitations period. Applying §§ 7424 and 2410 in this case would thwart Congress's intent to fix a brief period for wrongful levy actions "because the [G]overnment needs to know sooner rather than later whether it must look to other assets of the taxpayer to satisfy the taxpayer's liability." Fidelity & Deposit Co. of Maryland v. City of Adelanto, 87 F.3d 334, 337 (9th Cir. 1996). If there remains any room for uncertainty, we must resolve it in favor of the sovereign, see Nordic Village, 503 U.S. at 34, by applying § 7426(a)(1) with its shorter immunity waiver. Thus, we agree with the Ninth and Fifth Circuits that where 26 U.S.C. § 7426(a)(1) applies, claims under 28 U.S.C. § 2410 are foreclosed. See Winebrenner, 924 F.2d at 854; United Sand and Gravel, 624 F.2d at 738-39; see also Kirk v. United States, No. 91-2697, 1992 WL 90560, at *1 (4th Cir. Apr. 30, 1992) (unpublished disposition).

Even if the Millers were not relegated solely to § 7426(a)(1) for their remedy, we would still find their claim to the Fort Smith/Nashville property barred by sovereign immunity. This is so because § 7424 can reasonably be read as waiving immunity only for the Millers' claim to the $340,000 already in dispute when the Government intervened. Although the Millers offer an alternative interpretation of §§ 7424 and 2410 that would broaden the scope of waiver to encompass the Millers' claim on the Fort Smith/Nashville property, we must accept the narrower plausible reading because it more strictly construes the scope of § 7424's immunity waiver in favor of the sovereign. This case closely resembles Nordic Village, which concerned a dispute over

whether the waiver of sovereign immunity contained in a particular section of the Bankruptcy Code extended to claims against the Government for monetary relief. See Nordic Village, 503 U.S. at 31. After advancing interpretations of the section at issue that would rule out monetary claims, the Court concluded: "The foregoing are assuredly not the only readings of subsection (c), but they are plausible ones--which is enough to establish that a reading imposing monetary liability on the Government is not 'unambiguous' and therefore should not be adopted." Id. at 37. Similarly, because § 7424 may plausibly be read to confine the scope of the Government's immunity waiver in this case to competing claims on the $340,000, the Millers' interpretation of § 7424 is not unambiguous and must be rejected.

Finally, we turn briefly to the Millers' cross-appeal concerning the district court's award of storage costs to the Government. The district court explained the award by saying storage of the Fort Smith/Nashville property at Government expense benefited the Millers as well as the Government. That explanation made sense in the context of the Millers' victory in the lien priority fight. Now that we have undone this result, however, the district court's rationale for the storage cost award has disappeared. For this reason, and because neither the district court nor the parties cite any legal authority to sustain the award, we vacate the award of storage costs.

We vacate the district court's judgment and remand to the district court with directions to dismiss the Millers' claim to the Fort Smith/Nashville proceeds for lack of subject-matter jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.